[No. 6404. Decided December 6, 1906.]

P. P. CARROLL et al., Appellants, v. HILL TRACT IMPROVE-
MENT COMPANY, and L. C. SMITH, Sheriff of King
County, Respondents.[1]

LIMITATION OF ACTIONS—FRAUD—QUIETING TITLE. An action to quiet title on the ground of fraud, not commenced until more than twenty years after discovery of the fraud, is barred by the statute of limitations.

SAME—TOLLING THE STATUTE. The running of the statute of limitations against relief on the ground of fraud is not affected by ill health or negotiations that did not commence until the statute had run.

ADVERSE POSSESSION—PLEADING. A complaint to quiet title by the cancellation of a sheriff's deed cannot be sustained as a claim of title by adverse possession on the simple allegation that plaintiffs entered into and had since held possession, where it is not alleged to have been adverse, open or notorious.

QUIETING TITLE—LIEN FOR MONEY PAID ON EXECUTION SALE—ELEC-
TION OF REMEDIES. One who alleges a fraudulent redemption from execution sale, and seeks to quiet title by cancellation of the sheriff's deed issued on redemption, has elected his remedy, and cannot claim that the complaint entitled him to a lien on the premises for money paid on the execution sale; his remedy therefor being against the sheriff.

[1]Reported in 87 Pac. 835.

EXECUTION—HUSBAND AND WIFE—COMMUNITY PROPERTY—CERTIFI-
CATE OF SALE—REDEMPTION.  A certificate of sale issued to a hus-
band, who is alone the judgment creditor, is not evidence of an in-
terest in community real estate pending redemption, and notice of
redemption to the husband alone is sufficient.

ESTOPPEL—ACCEPTANCE OF DEED.  The acceptance of a deed from
plaintiff to defendant of part of the premises to which plaintiff seeks
to quiet title, does not operate to estop the defendant from claiming
the balance of the land in dispute.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered March 13, 1906, upon sustaining
a demurrer to the amended and supplemental complaints, dis-
missing an action to quiet title.  Affirmed.

*Walter B. Beals, P. P. Carroll,* and *John E. Carroll,* for
appellants.

*Peters & Powell,* for respondents.

HADLEY, J.—The amended complaint in this cause alleges
that, on the 5th day of June, 1884, the plaintiff P. P. Carroll
obtained a judgment against W. C. Hill and others in the
then territorial district court of Washington, in the sum of
$1,250; that thereafter, on the 4th day of October, 1884,
by virtue of an execution under said judgment, certain real
estate was sold by the sheriff to said plaintiff, in satisfaction
of the judgment, and that he received a certificate of pur-
chase therefor and satisfied the judgment, all of which was
followed by confirmation of the sale; that on the 9th day of
May, 1885, the then sheriff, John H. McGraw, executed and
delivered to the judgment debtor, W. C. Hill, one of the de-
fendants in that action, a redemption certificate, which was
filed for record June 8, 1885.  Sarah J. T. Carroll was then,
and is now, the wife of P. P. Carroll, and is a coplaintiff
with the latter in this action.  They further allege that they
neither received nor waived notice of said redemption; that
the sheriff received no money from anyone for the redemp-
tion of the property; that he paid no money to plaintiffs;

that the property never was redeemed from the sale; that the certificate of redemption was procured by the deceit and misrepresentation of Hill, the judgment debtor, to the effect that plaintiffs had waived notice thereof, and that the plaintiffs are entitled to a sheriff's deed.

It is alleged that the law firm of McNaught, Ferry, McNaught & Mitchell, mentioned in the redemption certificate as attorneys for the plaintiff in that action, had no authority to represent the plaintiffs or to act for them in any capacity after the purchase at the sheriff's sale, the satisfaction of the judgment, and confirmation of sale; that the plaintiffs had no knowledge of said redemption until June, 1886, at which time the plaintiff P. P. Carroll demanded of the sheriff a deed to said land and was informed by the sheriff of the redemption; that the said judgment debtor Hill died about August 30, 1890; that prior to his death he promised plaintiffs to cancel the record of redemption on condition that the plaintiffs would quitclaim to him the said real estate, less the number of acres to be retained by them, and that pending negotiations for settlement said Hill died suddenly; that thereafter in the year 1894 one John W. Thompson, who claimed an interest in the land, entered into negotiations with plaintiffs for the purpose of effecting a settlement of the title to the land, which negotiations were continued from time to time at the request of Thompson until the time of his death, which occurred about May 31, 1901, and that Thompson in all his dealings with said lands knew of plaintiffs' said claim of ownership; that the tract of land contained one hundred ninety-two and forty-hundredths acres; that by said negotiations the plaintiffs were to quitclaim to Hill all of the tract except a certain fifty acres, and that such was the condition of the negotiations at the time of Hill's death; that because of the said negotiations and urgent requests of Hill and Thompson, and of their promises and assurances of an amicable adjustment, plaintiffs refrained from instituting suit to clear their

title of the cloud caused by the record and the redemption certificate, and also for the further reason that from 1891 to 1897 the condition of the health of said P. P. Carroll was such that an engagement in such litigation would have endangered his life.

It is further alleged that the defendant Hill Tract Improvement Company has succeeded to the interests of said Hill and Thompson, with knowledge of all the above facts. The said company and the present sheriff of King county are made parties defendant, and the relief prayed is, that the said redemption certificate shall be cancelled of record; that the claims of said company shall be declared inferior to the plaintiffs' rights in the land, and that the sheriff shall be directed to execute a deed to plaintiffs. A supplemental complaint was also filed, in which it is alleged that the defendant Hill Tract Improvement Company did, after the commencement of this action, for a valuable consideration, receive from the plaintiffs a deed for a part of the said land, and that it thereby recognized plaintiffs' ownership. A demurrer was interposed to the amended complaint and supplemental complaint, which was sustained. Plaintiffs elected to stand upon the amended complaint and supplemental complaint, and having refused to plead further, judgment was entered dismissing the action. The plaintiffs have appealed.

It is assigned that the court erred in sustaining the demurrer. The demurrer is based both upon general grounds and also upon the statute of limitations. The complaint is clearly one in equity to procure the cancellation of an alleged fraudulent certificate of redemption, and to effect the execution of a sheriff's deed to appellants. The theory of the complaint is, that W. C. Hill, the judgment debtor in the former suit, in June, 1885, fraudulently procured and placed of record a pretended redemption by Hill, without the payment of any money. The complaint alleges, however, that the appellants learned of this in June, 1886, and being thus ad-

vised of the existence of the alleged fraud, they were required to seek relief within the period of the statute of limitations in such cases provided. The statute provides that an action for relief on the ground of fraud must be brought within three years, but that the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Bal. Code, § 4800 (P. C. § 285). This action was not so commenced, but was begun nearly twenty years after the admitted discovery of the facts constituting the alleged fraud. Neither the alleged negotiations with reference to a settlement nor the facts alleged about the ill health of one of the appellants could have the effect to stay the running of the statute, and in any event, so far as any dates mentioned in the complaint are shown, the negotiations did not begin until August, 1890, more than four years after the discovery of the alleged fraud, and the ill health period did not begin until about a year later. The action was therefore barred before the conditions arose which are alleged as excuses for not sooner bringing the action.

Appellants argue in their brief that they claim title by adverse possession, but their allegation on the subject of possession is simply that, after their purchase at the execution sale, they "entered upon and took possession of said land, and have ever since held said possession." They do not allege that the possession was open and notorious, or that it has been known to, or was even adverse to, respondent and its grantors. The whole complaint shows that the action was not brought to quiet title by reason of adverse possession, but to remove a cloud of an alleged fraudulent redemption certificate, and to procure a sheriff's deed as the result of the cancellation of the certificate.

Appellants also argue that they are entitled to a lien upon the lands for the money paid at the execution sale. This argument must necessarily be based upon the theory that the redemption was complete and effective, leaving the land

as that of the judgment debtor and not that of appellants, and that appellants as the execution creditors became entitled to the redemption money by reason of the payment of money at the execution sale. In such case the money must have been received by the sheriff and their remedy must be against him. The complaint, however, shows an election to treat the redemption as fraudulent, and the relief urged in argument would be inconsistent with the theory of the complaint.

It is further argued that the redemption made by Hill was ineffective for the reason that the property was community property, and that no notice of the redemption was given to the wife of the community, appellant Sarah J. T. Carroll. The complaint shows, however, that the husband alone was the judgment creditor, and that he alone was the execution purchaser. Pending the redemption period the certificate of sale did not pass title, but it was only evidence of an inchoate interest which might or might not ripen into title. *Singley v. Warren*, 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896. If, therefore, it should be presumed that the certificate of sale was evidence of a community interest in property, still we think it was not evidence of title to community real estate, but it belonged to the classification of personal property rights, and as such it was under the management and control of the husband. Notice to the husband was therefore sufficient, and the redemption certificate recites that notice was waived by the husband. It is true the complaint negatives the fact that the husband waived notice, but we have seen that he is concluded by lapse of time, and the recitals of the certificate therefore import verity so far as the hearing upon this demurrer is concerned. Moreover the wife joins with her husband in alleging in this complaint that the facts about the alleged fraudulent redemption were discovered by her in June, 1886. She is therefore in no better position to maintain this action than is the husband.

It is argued that, inasmuch as the supplemental complaint avers that respondent Hill Tract Improvement Company has, since the commencement of this action, accepted a deed from appellants for a portion of the land that was sold under execution, it is now estopped to dispute appellants' rights as set forth in the original complaint. It may be, if respondent has accepted a deed from appellants for certain land, that it might now, at least under some circumstances, be estopped to deny its grantors' title to the particular property already conveyed to it; but it is not thereby estopped to deny appellants' title to other land the conveyance of which it has never accepted. It may be as well said argumentatively that the fact of respondents having accepted a conveyance for a part of the property only shows with as much conclusiveness that it has not recognized that appellants have any title to the remainder.

We think the court did not err in sustaining the demurrer, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.